UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CR-50-REW |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| STEPHEN ALLEN PRICE, JR., | ) | |
| | ) | |
| Defendant. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court following Defendant Stephen Allen Price Jr.'s final revocation hearing on five violations of conditions of supervised release. *See* DE 30 (Minute Entry); DE 31 (Recommended Disposition). This is the third instance of trouble for Price since the Court took jurisdiction in the case. The instant violations related to Price's failure to enroll and participate in a substance abuse treatment program, his failure to follow the instructions of his probation officer, and his use (thus illegal possession) of prohibited substances, namely buprenorphine (Suboxone), marijuana, and methamphetamine. *See* DE 481 at 2-3. Price, after being apprised of his rights, stipulated to the violations as charged at the hearing. *Id.* at 3-4. Judge Ingram recommended that the undersigned find Price guilty of committing the alleged violations, established by Price's own admissions, and sentence him to a carceral term of 21 months, with no supervision period to follow. *Id.* at 13. Judge Ingram also recommended that Price be designated to FCI Gilmer, where a family member is currently being housed. *Id*. Judge Ingram advised Price of his right to object to the recommendation. *Id.* The prescribed fourteen-day objection period has passed without any objection from Defendant Price or the United States. Further, Price waived his right to allocution. *See* DE 32 (Waiver).

1

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (brackets removed) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Judge Ingram accounted for all considerations in the record in a fitting and proper way. The Court does not disturb his analysis or judgment. Price has continued to persist, inexorably, in drug use and defiance of oversight. The case has its roots in meth trafficking, and Price's criminal history category (writ large and as developed further in this time in this District) drive not just the guidelines but the Court's assessment of the sentencing factors. The Court thus, with no objection from any party and on full review of the record and Judge Ingram's thorough treatment, **ORDERS** as follows:

1. The Court **ADOPTS** DE 31 and **ADJUDGES** Defendant Price guilty of the violations;
2. The Court **REVOKES** supervision and **SENTENCES** Price to 21 months' imprisonment, with no term of supervision to follow; and
3. The Court **RECOMMENDS** that BOP designate Defendant Price to FCI Gilmer.

A judgment will follow.

This the 12th day of April, 2023.

Signed By:
*Robert E. Wier*  REW
**United States District Judge**

3